# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

JAVIER AGUIRRE,

    Petitioner,

v.

RACHEL TILLMAN,

    Respondent.

Case No. 23-cv-01871-GPG-MDB

## EXPERT WITNESS REPORT AND AFFIDAVIT OF DR. DAVID FINN

I, David Finn, Doctor of Psychology, pursuant to *Federal Rule of Civil Procedure 26*, hereby depose and say as follows:

1. I am over the age of eighteen (18), am a competent witness, and I have personal knowledge of the facts and matters stated in this Expert Witness Report and Affidavit.

2. I am a Doctor of Psychology and licensed clinical psychologist with a practice focused on forensic assessment in good standing in the State of Illinois of the United States of America and a copy of my curriculum vitae is attached hereto and incorporated herein as "*Exhibit A*".

3. I have been retained by the Petitioner, Javier Aguirre. I have been designated by the Petitioner as a Rebuttal Expert Witness pursuant to *Federal Rule of Civil Procedure 26* to testify as to any affirmative defense raised by the Respondent, Rachel Tillman, pursuant to the Hague Convention (*See Petitioner's Designation of Rebuttal Expert Witnesses attached hereto and incorporated herein as "Exhibit B"*).

4. I know and acknowledge that I may be called as a Rebuttal Witness to any potential testimony in this matter and given that a hearing in this matter has not yet taken place, I cannot

anticipate what testimony may or may not occur and thereby what testimony I may be called to testify in rebuttal to.

5. I have thoroughly reviewed the Joint Exhibit List filed in this matter on January 31, 2024, and all corresponding exhibits referenced therein (*See Doc. No. 33*).

6. Although I cannot provide specific recommendations as no in court testimony has taken place in this matter, I have formed opinions to a reasonable degree of psychological certainty based on my investigation of the pleadings and exhibits referenced in the Joint Exhibit List (*See Doc. No. 33*), review of communications with the parties, psychological testing of the Petitioner, and my knowledge of forensic and clinical psychology. Those opinions include but are not limited to the following:

    a. There is no basis for Respondent's claim that Petitioner poses a grave risk of domestic violence towards Respondent or the minor children;

    b. There is no basis for Respondent's claim that Petitioner poses a grave risk of sexual abuse towards Respondent or the minor children;

    c. There is no basis for Respondent's claim that Petitioner engaged in emotional and psychological abuse towards Respondent or the minor children;

    d. There is no basis for Respondent's claim that Petitioner socially isolated the minor children;

    e. There is no basis for Respondent's claim that Petitioner exposed the minor children to grave risk of harm due to the minor children witnessing domestic violence; and

    f. There is no basis for Respondent's claim that the minor children have been exposed to grave risk of harm or that the minor children will be exposed to an

intolerable situation should they be returned to Colombia pursuant to *Article 13(b)* of the Hague Convention.

7. I hold the above opinions to a reasonable degree of certainty in my field of expertise.

PURSUANT TO 28 U.S.C.A 1746, I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON FEBRUARY 12, 2024.

_____
Dr. David Finn, Psy.D.
Doctor of Psychology
Associates in Human Development Counseling, LLC
1625 W Colonial Parkway, Floor 2
Inverness, Illinois 60067
United States of America
dfinn@ahdcllc.com